UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. CR415-187 |
| | ) | |
| ANTWAN LESHAWN COLEY and | ) | |
| BRAYLON WILLIAMS | ) | |

## REPORT AND RECOMMENDATION

Defendants Antwan Coley and Braylon Williams move to dismiss Counts One and Four of the Indictment on the ground that those counts do not set forth "a plain, concise and definite written statement of the essential facts constituting the offense charged," as required by Rule 7(c)(1) of the Federal Rules of Criminal Procedure. Doc. 49 (Coley's motion); doc. 68 (Williams' adoption of Coley's motion).[1] They contend that both Count One (charging a conspiracy to possess with intent to distribute drugs in violation of 21 U.S.C. § 846) and Count Four (charging possession with intent to distribute a quantity of MDMA in violation of 21 U.S.C. § 841(a)(1)) contain "merely conclusory

---

[1] Coley was indicted only under Counts One and Four, so his motion asks the Court to dismiss the entire case against him. *See* doc. 1 (Indictment). As Williams was indicted only under Counts One and Two, *id.*, he in effects seeks to dismiss only part of the case against him.

allegations" that are "devoid of any factual statements supporting the charge against [them]." Doc. 49 at 1-2. They reason that the sufficiency of the Indictment should be gauged in light of the Supreme Court's landmark decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which announced a new pleading standard for *civil* complaints. Those decisions made no reference to Fed. R. Crim. P. 7(c) or the 80 years of Supreme Court precedent recognizing that simplicity and succinctness is to be encouraged in criminal pleadings. *See United States v. Debrow*, 346 U.S. 374, 376 (1953) (holding that an indictment tracking the wording of the perjury statute, which embodied all the essential elements of the offense, was sufficient to meet the criminal pleading standards under both Fed. R. Crim. P. 7(c) and the Court's pre-rule precedents);[2] *Hagner v. United States*, 285 U.S. 427, 431-32 (1932). Defendants nonetheless argue that *Twombly* and *Iqbal* effectively foreclose bare-bones pleading in criminal cases and impose a new level of specificity for indictments.

---

[2] "The Federal Rules of Criminal Procedure were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure." *Debrow*, 346 U.S. at 376.

2

# I. ANALYSIS

The Sixth Amendment right of an accused "to be informed of the nature and cause of the accusation," U.S. Const. amend. VI, is implemented by Fed. R. Crim. P. 7(c), which requires that an indictment set forth "a plain, concise and definite written statement of the essential facts constituting the offense charged." Under long-established precedent, an indictment is sufficient under the Constitution and Rule 7(c) if it (1) sets forth the elements of the charged offense in a manner which thoroughly informs the defendant of the charge against which he must defend and (2) enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992); *United States v. McMath*, 2013 WL 5799004 at * 4 (S.D. Ga. Oct. 16, 2013). An indictment is generally sufficient if it simply parrots the wording of the statute itself, provided the statutory language sets forth all the elements of the offense. *Hamling*, 418 U.S. at 117; *United States v. Ramos*, 666 F.2d 469, 474 (11th Cir. 1982); *see also*

3

*United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007).³ Ultimately, "'the appropriate test is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards.'" *United States v. McGarity*, 669 F.3d 1218, 1235-36 (11th Cir. 2012) (quoting *United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. 1981)). Therefore, where an indictment quotes the statutory language and sets forth the date and place of the charged criminal activity, it need not go further and detail the factual proof that will be relied upon to support the charges. *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978); *accord United States v. Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014).

In this case, both Counts One and Four satisfy the traditional pleading standard required of criminal indictments. Count One alleges that during a period "at least" from December 2014 to the filing of the indictment, in Chatham County, defendants Coley and Williams conspired with each other (and others) to possess with intent to

---

³ Indeed, "an exact recitation of an element of the charged crime is not required, provided the indictment as a whole 'fairly imports' the element." *United States v. Harms*, 442 F.3d 367, 372 (5th Cir. 2006); *United States v. Ramsey*, 406 F.3d 426, 430 (7th Cir. 2005) (the failure to include all elements of the offense "is not fatal so long as the absent elements can be deduced from the language that is actually included in the charging document.").

distribute quantities of cocaine, marijuana, and MDMA. Doc. 1 at 2. Count Four alleges that on January 10, 2015, in Chatham County, defendant Coley, aided and abetted by others, intentionally possessed with intent to distribute MDMA. Doc. 1 at 5. "An indictment charging a conspiracy under 21 U.S.C. § 846 need not be as specific as an indictment charging a substantive count. . . . It is sufficient if it alleges a conspiracy to distribute drugs, the time which the conspiracy was operative, and the statute allegedly violated." *United States v. Pease*, 240 F.3d 988, 943 (11th Cir. 2001).[4] By tracking the statutory language, and specifying the time and place of the charged conspiracy, Count One is sufficient to meet criminal pleading requirements. Count Four is clearly sufficient as well, for it sets forth the exact time and place that Coley and others "did knowingly and intentionally possess with intent to distribute a quantity of MDMA." *See United States v. Green*, 296 F. Appx 811 (11th Cir. Oct. 17, 2008) ("the elements of a § 841(a)(1) offense are (1) knowing or intentional (2) possession of a controlled substance (3) with intent to distribute that substance.").

---

[4] In charging a § 846 conspiracy, the government is not required to allege or prove any specific overt act in furtherance of the conspiracy. *United States v. Shabani*, 513 U.S. 10, 15 (1994); *United States v. Benefield*, 874 F.2d 1503, 1506 (11th Cir. 1989).

Defendants argue that the traditional test for an indictment's sufficiency has been supplanted by the Supreme Court's landmark decisions in *Twombly* and *Iqbal*. Again, those cases address the pleading standard for *civil complaints* under Fed. R. Civ. P. 8(a)(2). That rule requires a plaintiff to set forth a claim "*showing* that the pleader is entitled to relief." *Id.* (emphasis added). That language, the Court reasoned, requires that a complaint's legal conclusions be supported by factual allegations that create "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 540 U.S. at 556).

Nowhere in *Twombly* or *Iqbal* did the Supreme Court suggest that this new "plausibility standard" for civil complaints has any application to criminal indictments. Nor has any subsequent decision by any court held that *Twombly* and *Iqbal* should be extended to criminal pleadings. Indeed, the only court to even consider the question has held that the civil pleading standards announced in *Twombly* and *Iqbal* do not apply in the criminal context. *United States v. Vaughn*, 722 F.3d 918, 928-29 (7th Cir. 2013). Like the defendants here, the defendant in *Vaughn* was charged with a drug conspiracy in violation of 21 U.S.C. § 846. The

abbreviated language of that indictment closely resembles the language set forth in Count One of the present Indictment. *Id.* at 925-26. The *Vaughn* court held that the indictment there fulfilled the requirements of Fed. R. Crim. P. 7(c)(1) and the Constitution because it contained "each of the required elements of § 846 and was sufficient to notify [defendant] of what the government intended to prove." 722 F.3d at 926. "Although it [did] not allege facts addressing any particular drug transactions, [Seventh Circuit caselaw did] not require such specificity." *Id.*[5]

Defendants nevertheless ask this Court to hold that *Twombly* and *Iqbal*, while never mentioning criminal practice, meant to overturn the entire body of Supreme Court caselaw addressing the sufficiency of criminal indictments. If the Supreme Court had intended such a radical restructuring of criminal practice, it presumably would have said so. Because only the Supreme Court has "'the prerogative of overruling its own decisions,'" the lower courts are not at liberty to stray from the criminal pleading standard followed by that Court for over 80 years.

---

[5] The Vaughn Court noted that an indictment charging an offense under § 846 is sufficient "'if it sets forth the existence of a drug conspiracy, the operative time of the conspiracy, and statute violated.'" 722 F.2d at 926. That precisely states the Eleventh Circuit standard. *Pease*, 240 F.3d at 943.

7

*Vaughn*, 722 F.3d at 926 (quoting *Agostini v. Felton*, 52 U.S. 203, 237 (1997)).

Defendants' argument to the contrary elides the difference between civil and criminal litigation. A criminal defendant enjoys special protections nowhere found in the civil law. For starters, the government cannot even bring a felony indictment until it first convinces an independent body of citizens -- a federal grand jury -- that there is evidentiary support (probable cause) for each element of the charged offense. U.S. Const. amend. V; Fed. R. Crim. P. 7(a)(1); *Branzburg v. Hayes*, 408 U.S. 665, 686-87 (1972). This procedure, which has no parallel in civil practice, in a way establishes its own plausibility standard, for it requires a determination that the charge "'is founded upon reason.'" *Id.* at n. 23. But contrary to defendants' assertion, Fed. R. Crim. P. 7(c)(1) does not require the government to demonstrate in the indictment itself that it is entitled to a verdict in its favor. A civil plaintiff, on the other hand, must make "a 'showing,' rather than a blanket assertion, of entitlement to relief," *Twombly*, 550 U.S. at 556 n. 3, before he is granted the power to "unlock the doors" to costly and protracted discovery. *Iqbal*, 556 U.S. at 678-79. The filing of a criminal

indictment, however, does not provide the government with the broad discovery powers granted by the federal civil rules. For example, not only is a criminal defendant not subject to deposition, he has an absolute constitutional right to remain silent, and no inference of guilt may arise if he exercises that right. *Carter v. Kentucky*, 450 U.S. 288, 303-05 (1981); *Griffin v. California*, 380 U.S. 609, 612-15 (1965). Moreover, the limited discovery rights granted by the federal criminal rules belong primarily to the defendant, not to the government. *See* Fed. R. Crim. P. 16. And in a criminal case, the government must prove the defendant's guilt beyond a reasonable doubt, a far heavier burden of proof than is required in most civil cases. *In re Winship*, 397 U.S. 358, 364 (1970). The point is, there are very different pleading and proof standards in civil and criminal cases, and there are obvious and sound reasons for these differences.

## II. CONCLUSION

"No court has taken [the] approach" advocated by the defendants here, *i.e.*, that civil pleading standards should be imported into federal criminal law. *Vaughn*, 722 F.3d at 926. Because the indictment in this case contains each of essential elements of the charged offenses and

notifies the defendants of what the government intends to prove, it easily survives defendants' motions to dismiss. Those motions, docs. 49 & 68, should therefore be denied.

**SO REPORTED AND RECOMMENDED**, this  23rd  day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA